F I L E D
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ SEP 21 2018 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
PETER MCCLUSKEY,

                Plaintiff,

      -against-

JOHN IMHOF, as Commissioner of Nassau
County Department of Social Services,
MRS. RYAN, as SNAP Director of Nassau
County Social Services, SAMUAL D. ROBERTS,
as New York State Commissioner of the Office
of Temporary and Disability Assistance, and
DARLA P. OTO, as Principle Hearing Officer of
the Office of Temporary and Disability
Assistance,
                Defendants.
-----------------------------------------------------------------X

ORDER
17-CV-5873(JFB)(ARL)

JOSEPH F. BIANCO, District Judge:

*Pro se* plaintiff Peter McCluskey brings this action for violations of the Fourteenth Amendment under 42 U.S.C. § 1983 ("Section 1983") against defendants John Imhof, the Commissioner of the Nassau County Department of Social Services ("DSS"); Jeanne Ryan, the SNAP Director of Nassau County Social Services; Samuel D. Roberts, the Commissioner of the New York State Office of Temporary and Disability Assistance ("OTDA"); and Darla P. Oto, an OTDA Public Hearing Officer. The Amended Complaint[1] expressly states that the claims are asserted against defendants in their official capacities. (Am. Compl. ¶¶ 8-9.) Plaintiff seeks to "challeng[e defendants'] policies and practices for determining the medical income deduction for elderly food stamp (SNAP) applicants as violations of federal law."[2] (Am. Compl. ¶ 2.) His claims

---

[1] Plaintiff submitted the Amended Complaint (ECF No. 27) on December 26, 2017, before any responsive pleading or motion was served.

[2] As explained by Magistrate Judge Lindsay (R&R 6-9), plaintiff brought a substantially similar lawsuit in 2012 against the Commissioner of DSS, the Commissioner of OTDA, and Ryan. *See generally* Compl., *McCluskey v. Commissioner of Nassau County Department of Social Services*, No. 12-cv-3852 (Aug. 3, 2012), ECF No. 1. On

arise from two instances where he requested an increase in his SNAP benefits based on an anticipated increase in his medical costs, and was denied. (*See, e.g., id.* ¶¶ 26, 30, 43, 45.)

On January 29, 2018, defendants Roberts and Oto moved to dismiss the Amended Complaint. (ECF No. 31.) Defendants Imhof and Ryan submitted a separate motion to dismiss on the same day. (ECF No. 34.) Additionally pending before the Court are two motions for sanctions submitted by plaintiff on December 13, 2017 and March 26, 2018. (ECF Nos. 22, 40.) On April 25, 2018, the Court referred the pending motions to Magistrate Judge Arlene R. Lindsay for a report and recommendation. (ECF No. 45.)

Presently before the Court is a Report and Recommendation ("R&R," ECF No. 49) from Magistrate Judge Lindsay recommending that the Court grant defendants' motions to dismiss and deny plaintiff's motions for sanctions. In short, Magistrate Judge Lindsay determined that the Eleventh Amendment barred the claims against Roberts, and that the Amended Complaint failed to state a viable Section 1983 claim against any defendant. As to the motions for sanctions, Magistrate Judge Lindsay concluded that there was no indication that defendants' counsel engaged in inappropriate conduct or that the arguments in support of their motions to dismiss were frivolous. Plaintiff objects to the R&R's recommendation that the motions to dismiss should be granted, but does not object to the recommendation that his motions for sanctions should be denied. (*See generally* Pl. Objs., ECF No. 52.) For the reasons explained below, after a *de novo* review of the entire R&R,[3] the Court adopts the thorough and well-reasoned R&R in its entirety.

---

September 5, 2013, the Court adopted a report and recommendation from Magistrate Judge Boyle, granted defendants' motions to dismiss, and dismissed the complaint without leave to amend. (*Id.* at ECF No. 39.)

[3] Although plaintiff does not object to the recommendation that his motions for sanctions should be denied (Pl. Objs. 1), the Court has also reviewed those motions under a *de novo* standard (in an abundance of caution) and concludes (for the reasons set forth in the R&R) that there is no basis for sanctions. Accordingly, the motions for sanctions are denied.

2

## I. Standard of Review

A district judge may accept, reject, or modify, in whole or in part, the findings and recommendations of the Magistrate Judge. *E.g., Kleinberg v. Radian Grp., Inc.*, 240 F. Supp. 2d 260, 262 (S.D.N.Y. 2002); *DeLuca v. Lord*, 858 F. Supp. 1330, 1345 (S.D.N.Y. 1994). As to those portions of a report to which no "specific written objections" are made, the Court may accept the findings contained therein, as long as the factual and legal bases supporting the findings are not clearly erroneous. *See* Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Greene v. WCI Holdings Corp.*, 956 F. Supp. 509, 513 (S.D.N.Y. 1997). When "a party submits a timely objection to a report and recommendation, the district judge will review the parts of the report and recommendation to which the party objected under a *de novo* standard of review." *Dafeng Hengwei Textile Co. v. Aceco Indus. & Commercial Corp.*, 54 F. Supp. 3d 287, 291 (E.D.N.Y. 2014) (citing 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.")); Fed. R. Civ. P. 72(b)(3) ("The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.").

## II. Analysis

Having reviewed the full record and the applicable law, and having reviewed the R&R *de novo*, the Court adopts the thorough and well-reasoned R&R in its entirety.

### A. Eleventh Amendment Immunity

As noted above, Magistrate Judge Lindsay concluded that the Eleventh Amendment bars the claims against Roberts. (R&R 11-14.) More specifically, the R&R determined that, because

the Amended Complaint fails to connect Roberts to any of the alleged wrongdoing or establish that Roberts has the authority to change OTDA's policies regarding SNAP benefits, the *Ex Parte Young* exception to Eleventh Amendment immunity does not apply, and the claims against him are barred.[4] (R&R 13-14.) Plaintiff argues that "Roberts was on notice of the wrongdoing before the action commenced" and, thus, is connected to the wrongdoing. (Pl. Objs. 4.) Although "personal action is not a necessary condition of injunctive relief against state officers in their official capacity," *Marshall v. Switzer*, 900 F. Supp. 604, 615 (N.D.N.Y. 1995), "the official against whom the action is brought [must have] a direct connection to, or responsibility for, the alleged illegal action," *Zappulla v. Fischer*, No. 11 CIV. 6733 JMF, 2013 WL 1387033, at *10 (S.D.N.Y. Apr. 5, 2013) (alteration in original) (quoting *N.Y. Youth Club v. Town of Smithtown*, 867 F. Supp. 2d 328, 339 (E.D.N.Y. 2012)). Here, the Amended Complaint fails to allege that Roberts was directly connected to or responsible for the allegedly illegal determinations. Thus, the Court dismisses the claims against Roberts as barred by the Eleventh Amendment.

**B.     Failure to State a Claim**

Plaintiff also objects to Magistrate Judge Lindsay's determination that the Amended Complaint should be dismissed for failure to state a claim under Section 1983.

Plaintiff objects to Magistrate Judge Lindsay's threshold recommendation (R&R 17-18) that the Section 1983 claim against Imhof should be dismissed for failure to allege his direct participation in the benefits determinations (Pl. Objs. 3). He argues that Imhof had "knowledge that federal law was being violated" by DSS, and that such knowledge is sufficient to establish his involvement. (*Id.*) To support this contention, plaintiff points to an allegation that "the request

---

[4] As to Oto, the R&R concluded that the Amended Complaint, construed liberally in plaintiff's favor, alleged sufficient facts regarding her activities to establish that the *Ex Parte Young* exception applies to the claims against her. (R&R 14-16.)

for review was mailed to Mrs. Ryan and to John Imhof the DSS Commissioner on August 8: it gave them knowledge that federal law was being violated." (Am. Compl. ¶ 35.) Supervisory liability under Section 1983 attaches when "an official has actual or constructive notice of unconstitutional practices and demonstrates 'gross negligence' or 'deliberate indifference' by failing to act." *McLennon v. City of New York*, 171 F. Supp. 3d 69, 101-02 (E.D.N.Y. 2016). Here, even assuming *arguendo* that plaintiff has adequately alleged that Imhof had knowledge of a constitutional violation, the Amended Complaint is devoid of any non-conclusory allegation that Imhof acted with gross negligence or deliberate indifference. Accordingly, the Court dismisses the Section 1983 claim against Imhof for failure to allege his personal involvement in the benefits determinations.

In any event, even assuming that Roberts is *not* entitled to Eleventh Amendment immunity and that Imhof *did* participate in the benefits determinations, the Amended Complaint fails to state a plausible due process violation, and is independently dismissed as to all defendants on that ground. Plaintiff asserts that the R&R erroneously concluded that the Amended Complaint fails to allege that plaintiff was deprived of adequate process. (Pl. Objs. 5-6.) He argues that, when a due process claim is based on "established state procedures, rather than random acts, the availability of post-deprivation procedures will not, ipso facto, satisfy due process." (*Id.* at 6.) Although plaintiff accurately states the law,[5] he misunderstands the R&R. Magistrate Judge Lindsay did not conclude that plaintiff failed to state a procedural due process claim because post-deprivation procedures were available to him. Instead, the R&R thoroughly considered the actual procedures utilized in the denial of plaintiff's requests for additional benefits, as alleged in the

---

[5] The Court need not, and does not, decide whether plaintiff's claims are based on established state procedures rather than random acts.

Amended Complaint, and determined that those procedures were adequate. (R&R 18-20.) The Court likewise concludes, after a *de novo* review, that plaintiff has failed to allege a procedural due process violation, as it is clear that plaintiff was given notice and an opportunity to be heard in a meaningful time and a meaningful manner regarding his benefits determinations.

Finally, plaintiff objects to Magistrate Judge Lindsay's determination (R&R 21-23) that the Amended Complaint fails to allege a municipal custom or policy, as required to state a *Monell* claim (Pls. Objs. 6-7).[6] As an initial matter, the *Monell* claim must be dismissed in light of the Court's determination that plaintiff has failed to allege any constitutional violation. *See, e.g., Henry-Lee v. City of N.Y.*, 746 F. Supp. 2d 546, 567 (S.D.N.Y. 2010) ("Under Second Circuit case law, a prerequisite to municipal liability under *Monell* is an underlying constitutional violation by a state actor."). Even assuming that defendants' alleged actions did violate plaintiff's right to due process, the Amended Complaint still fails to establish that those unconstitutional acts resulted from a municipal policy or custom. Specifically, as correctly concluded by Magistrate Judge Lindsay, the two instances in which plaintiff was allegedly unlawfully denied benefits are insufficient to establish a municipal policy or custom. *See, e.g., McLennon v. City of New York*, 171 F. Supp. 3d 69, 95 (E.D.N.Y. 2016) (collecting cases where several isolated instances were insufficient to demonstrate a municipal custom or policy).

Plaintiff does not object to the R&R's conclusion that the Amended Complaint specifically identifies only two allegedly unconstitutional benefits determinations. Instead, he argues that, because the determinations were made pursuant to an unconstitutional state law, even a single application of that state law satisfies *Monell*. (See Pl. Objs. 6-7.) This argument is unavailing.

---

[6] The Court notes that plaintiff does not name the County of Nassau as a defendant in this action. However, plaintiff alleges that "[t]he claims against the DSS Commissioner and Mrs. Ryan in their official capacities are claims against the Municipality as an Agency of Nassau County." (Am. Compl. ¶ 9.) Accordingly, the Court will construe the Amended Complaint to assert a *Monell* claim against DSS.

First, the Amended Complaint does not plausibly allege that the relevant state law is unconstitutional. Plaintiff's conclusory assertions that the state law is "unconstitutional," "illegal," and "does not comply with what federal law allows" are insufficient. (*See, e.g.*, Am. Compl. ¶¶ 16, 52.) Second, "a municipality cannot be liable under *Monell* if it merely carries out a state law without any 'meaningful' or 'conscious' choice, because the municipality does not act pursuant to its own policy in that case." *Vaher v. Town of Orangetown*, 133 F. Supp. 3d 574, 605-06 (S.D.N.Y. 2015); *see also Scalpi v. Town of E. Fishkill*, No. 14-CV-2126 (KMK), 2016 WL 858916, at *6 (S.D.N.Y. Feb. 29, 2016) ("A state statute generally cannot be considered a municipal policy for purposes of *Monell*, even if enforced by municipal employees."). Here, there are no allegations that DSS made any meaningful or conscious choice to carry out the state law governing benefits determinations (and it is highly unlikely that plaintiff could plausibly assert that it did). Accordingly, the Court adopts the R&R's recommendation that the Amended Complaint fails to allege a *Monell* claim, and dismisses that claim.

### III. Conclusion

For the foregoing reasons, IT IS HEREBY ORDERED that, after a *de novo* review, the Court adopts the R&R in its entirety. Thus, defendants' motions to dismiss are granted, and plaintiff's motions for sanctions are denied. The Clerk of the Court shall enter judgment accordingly and close the case.[7]

IT IS FURTHER ORDERED that defendants shall serve a copy of this Order on plaintiff, and file proof of service with the Court.

---

[7] Although plaintiff has not requested leave to amend, the Court has considered whether plaintiff should be given an opportunity to re-plead his claims. While cognizant of the liberal standard afforded to *pro se* plaintiffs, *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000), the Court finds that any attempt to amend the pleading in this case would be futile. As thoroughly discussed in the R&R and above, it is clear from the Amended Complaint (and plaintiff's prior case before this Court), that plaintiff cannot state a plausible Section 1983 due process claim based on his benefits determinations because of the procedures he utilized, and no amendment could cure that.

7

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that, should plaintiff seek leave to appeal *in forma pauperis*, any appeal from this Order would not be taken in good faith, and *in forma pauperis* status is therefore denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED

*/s/ Joseph Bianco*

Joseph F. Bianco
United States District Judge

Dated: September 21, 2018
Central Islip, New York